UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Horace Abney, Jr., | ) | Civil Action No.: 5:14-cv-04084-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) ) | |

Petitioner Horace Abney, Jr., a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 15 & 16. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 26. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West.[1] *See* R & R, ECF No. 28. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and dismiss Petitioner's petition with prejudice. R & R at 1, 38. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 34.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion, and dismisses Petitioner's § 2254 petition with prejudice.

## **Background**

Petitioner was tried *in absentia* and convicted of trafficking more than 400 grams of cocaine.

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

ECF No. 16-1 at 3-127, 264. Petitioner subsequently appeared for sentencing, at which time the sentencing judge opened the sealed sentence previously imposed by the trial judge and announced Petitioner's thirty-year sentence. ECF No. 16-1 at 129-62, 263. The Magistrate Judge provides a thorough summary of the facts and procedural history of this case, with citations to the record, in the R & R. *See* R & R at 2-8. Respondent filed no objections to the R & R, and Petitioner does not object to the Magistrate Judge's rendition of the procedural history. Accordingly, the Court adopts the procedural history set forth in the R & R.

Petitioner raised three grounds for relief in his § 2254 petition. *See* ECF No. 1 (petition); ECF No. 1-1 (attachment to petition). He claimed in Ground One that the state trial court erred in (a) denying his motion for a new trial and (b) denying his motion to dismiss the indictment pursuant to the Interstate Agreement on Detainers Act.[2] ECF No. 1-1 at 3-10. In Ground Two, he asserted appellate counsel was ineffective for not appealing the trial court's denial of a motion to suppress drug evidence. *Id.* at 10-13. In Ground Three, he contended trial counsel was ineffective for failing to request a continuance of the trial so that he could determine where Petitioner was located and thereby prevent the trial from proceeding *in absentia*. *Id.* at 13-16. The Magistrate Judge thoroughly reviewed the records from the trial, the sentencing hearing, and the state post-conviction relief (PCR) proceedings and recommended granting Respondent's motion for summary judgment as to all three grounds. R & R at 20-38.

**Standard of Review**

**I.    Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's

---

[2]    S.C. Code Ann. §§ 17-11-10 to -80 (2014).

2

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     28 U.S.C. § 2254 Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that

4

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

### III.    *Strickland* Test for Ineffective Assistance of Counsel

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

### IV.    Relationship Between § 2254(d) and *Strickland*

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

**Discussion**

5

**I.     Petitioner's Objections**

Petitioner lists ten objections to the Magistrate Judge's R & R. Pet.'s Objs. at 5-12. His first, second, third, fourth, seventh, and tenth objections challenge the general legal standards—specifically, the standard for summary judgment under Federal Rule of Civil Procedure 56 and the standard for habeas review under 28 U.S.C. § 2254—that the Magistrate Judge employed to review Petitioner's habeas claims. *See id.* at 5-7, 9, 12. The contents of these six objections are vague, general, and conclusory in nature because they simply argue the Magistrate Judge's decision is incorrect and do not direct the Court to a specific error in the R & R.[3] Accordingly, the Court is not required to address these nonspecific objections. *See Orpiano*, 687 F.2d at 47 (stating a district court need not conduct a de novo review of the R & R when a party makes only general and conclusory objections to a magistrate judge's proposed findings and recommendations); *McCullough v. Bazzle*, No. C/A 0:06-CV-1299-MBS, 2007 WL 949600, at *3 (D.S.C. Mar. 27, 2007) ("The court has reviewed Petitioner's objections to the Report and Recommendation of the Magistrate Judge. Several objections raised by Petitioner are general objections to which this court need not respond."). Regardless, the Court has reviewed these objections and finds them to be without merit.

Petitioner does raise four specific objections, which the Court addresses in turn. His fifth objection concerns Ground One (b) of his habeas petition, in which he claimed the trial court erred by denying his motion to dismiss the indictment pursuant to the Interstate Agreement on Detainers Act (IADA).[4] *See* Pet.'s Objs. at 7; ECF No. 1-1 at 7-10. Specifically, Petitioner argued the State violated

---

[3]    The Court also notes the arguments that Petitioner presents in support of these six objections are—like the enumerated objections themselves—general and conclusory. *See Orpiano*, 687 F.2d at 47.

[4]    The IADA is a compact among states, the District of Columbia, and the federal government. *See Reed v. Farley*, 512 U.S. 339, 341 (1994) (discussing the IADA and its purpose). It enables a state to obtain custody of a prisoner incarcerated in another jurisdiction and bring him to trial in that state. *Id.* South Carolina is a participating

his rights under the IADA by not finalizing his case within 180 days of his request that it do so. ECF No. 1-1 at 7-10; ECF No. 26 at 14-19; *see* S.C. Code Ann. § 17-11-10 (codifying the 180-day time provision of the IADA). The Magistrate Judge recommended denying relief on this claim because an alleged IADA violation is not a cognizable ground for habeas relief under 28 U.S.C. § 2254. R & R at 25-28. In support of this recommendation, the Magistrate Judge cited *Pethtel v. Ballard*, 617 F.3d 299, 304-06 (4th Cir. 2010), and *Bush v. Muncy*, 659 F.2d 402, 409 (4th Cir. 1981), cases in which the Fourth Circuit held violations of the trial-before-return provision of the IADA do not constitute a fundamental defect entitling a habeas petitioner to relief under § 2254. R & R at 26-28. Petitioner claims the Magistrate Judge erred by not also discussing *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985), in which the Fourth Circuit held a violation of the 180-day time provision of the IADA does not constitute a fundamental defect and thus is not a cognizable ground for habeas relief under § 2254 absent a showing of prejudice.[5] Pet.'s Objs. at 7. Petitioner asserts that while *Kerr* recognizes the general principle that an alleged violation of the IADA does not ordinarily present a cognizable § 2254 claim, the case does imply habeas relief may be warranted if the petitioner makes a prima facie showing of prejudice. *Id.* (citing *Kerr*, 757 F.2d at 607). In making this argument, it appears Petitioner is relying on the following italicized language in *Kerr*:

> Specifically, we hold that the violation of the 180-day time

---

state. *See* S.C. Code Ann. §§ 17-11-10 to -80 (2014); *see generally State v. Hill*, 409 S.C. 50, 58, 760 S.E.2d 802, 806-07 (2014) ("The central purpose of the IAD[A] is to allow participating states to uniformly and expeditiously dispose of charges pending against prisoners held out of state.").

[5]     The petitioner in *Kerr* sought habeas relief under § 2254 for an alleged violation of the IADA time provisions for speedy disposition of untried charges. 757 F.2d at 606. The Fourth Circuit found the petitioner introduced no evidence showing the delay in disposition caused him to suffer prejudice in his incarceration or in his defense against his criminal charges. *Id.* at 607. Because the petitioner did not "present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* [was] apparent," the Fourth Circuit concluded the alleged violation of the 180-day IADA time provision did not present a cognizable habeas claim. *Id.*

7

> provision of Article III(a) [of the IADA] alleged in this case does not constitute a fundamental defect entitling Kerr to relief under § 2254, because Kerr *has failed to show any prejudice arising out of the alleged violation*. Nor does this case "'present *exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent*.'" *Davis*, 417 U.S. at 346, 94 S. Ct. at 2305.
>
> . . . As Kerr has introduced no evidence indicating that he *has suffered any prejudice in his incarceration or in defending against the charges against him*, we hold that, under *Davis*, the alleged violation of Article III(a) of the IADA is not cognizable under 28 U.S.C. § 2254.

*Kerr*, 757 F.2d 604, 607 (emphases added). Petitioner argues he made a prima facie showing of prejudice in the response he filed in opposition to Respondent's motion for summary judgment. Pet.'s Objs. at 7 (citing ECF No. 26 at 14-20).

The Court finds the Magistrate Judge committed no error in not discussing *Kerr v. Finkbeiner*. The cases the Magistrate Judge did cite, *Pethtel* and *Bush*, adequately state the law pertaining to IADA claims brought in § 2254 petitions. Both these cases, as well as *Kerr*, make clear that alleged IADA violations are generally not cognizable on federal habeas review absent a showing of actual prejudice. *Kornegay v. Bowman*, No. 5:13-HC-2198-BO, 2015 WL 333013, at *1 (E.D.N.C. Jan. 23, 2015) (citing *Pethtel*, *Kerr*, and *Bush*); *see also Carter v. Hunt*, No. CA 0:13-1261-CMC-PJG, 2013 WL 3155601, at *2 (D.S.C. June 20, 2013) ("The Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief." (citing *Kerr*)). Moreover, the Court notes the procedural facts applicable to Petitioner's claim, which are thoroughly summarized in the R & R, defeat his assertion that he has made a prima facie showing of prejudice stemming from the alleged IADA violation. *See* R & R at 26-27. Because Petitioner fails to demonstrate either prejudice or exceptional circumstances sufficient to warrant habeas review of his

IADA claim, the Court overrules Petitioner's fifth objection. *See Kerr*, 757 F.2d at 607 (holding the petitioner did not present a cognizable habeas claim in his § 2254 petition because he "failed to show any prejudice arising out of the alleged [IADA] violation" and because the case did not "present exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* [was] apparent"); *McGill v. North Carolina*, 902 F.2d 1565, 1990 WL 64807, *1 n.1 (4th Cir. 1990) (unpublished table decision) (citing *Kerr* and finding an alleged violation of the 180-day time limit of Article III of the IADA did not constitute a fundamental defect warrant federal habeas relief under § 2254).

Petitioner's sixth objection relates to the Magistrate Judge's disposition of Ground Two of his habeas petition, in which he claimed appellate counsel was ineffective for not appealing the trial court's denial of a motion to suppress drug evidence. *See* Pet.'s Objs. at 8-9; ECF No. 1-1 at 10-13. He first asserts the Magistrate Judge did not correctly analyze whether appellate counsel was ineffective under *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985), in which the United States Supreme Court held a criminal defendant has the right to the effective assistance of appellate counsel. Pet.'s Objs. at 8-9. The Court summarily disposes of this argument: although the Magistrate Judge did not cite *Evitts*, she did cite *Strickland v. Washington*, 466 U.S. 668 (1984), which sets forth the two-prong test that all federal courts—including *Evitts*—use to evaluate claims for ineffective assistance of counsel.[6] *See* R & R at 14.

Petitioner next claims neither the Magistrate Judge nor the South Carolina Supreme Court ever

---

[6]     Indeed, the Supreme Court in *Evitts* recognized the propriety of the *Strickland* test for evaluating claims of ineffective appellate counsel, stating, "We . . . need not decide the content of appropriate standards for judging claims of ineffective assistance of appellate counsel. **Cf. Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)[.]" 469 U.S. at 392 (bold emphasis added).

9

addressed the question of whether appellate counsel was deficient for not raising the Fourth Amendment claim (i.e., the trial court's denial of the motion to suppress) on appeal. Pet.'s Objs. at 8-9. In reversing the PCR court's grant of relief on this issue, the South Carolina Supreme Court ruled, "Although the issue was properly preserved for appellate review, there is no reasonable probability the Court of Appeals[7] would have reversed [Petitioner]'s conviction had appellate counsel raised the issue." ECF No. 16-7 at 2. The South Carolina Supreme Court cited *Southerland v. State*, 337 S.C. 610, 616, 524 S.E.2d 833, 836 (1999) (holding a PCR applicant must prove that, but for appellate counsel's deficient performance, there is a reasonable probability that the result of the appeal would have been different), and it concluded Petitioner could not demonstrate prejudice because his Fourth Amendment claim failed on the merits. ECF No. 16-7 at 2. In reaching this conclusion, it is clear the state supreme court was focusing on the prejudice prong of the *Strickland* test for ineffective assistance of counsel. This approach is wholly consistent with that set forth in *Strickland*, whose test does not mandate a finding of deficiency in every case. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). Accordingly, the Court finds the South Carolina Supreme Court's analysis was neither contrary to nor involved an unreasonable application of *Strickland*. *See generally* 28 U.S.C. § 2254(d)(1). The Court overrules Petitioner's sixth objection.

Petitioner's eighth and ninth objections concern Ground Three of his petition, in which he

---

[7] The Court of Appeals was the appellate court that heard Petitioner's direct appeal. *See* ECF No. 16-1 at 16-1 at 196-97.

contended trial counsel was ineffective for failing to request a continuance of the trial so that he could determine where Petitioner was located and thereby prevent the trial from proceeding *in absentia*. *See* Pet.'s Objs. at 10-11; ECF No. 1-1 at 13-16. In his eighth objection, Petitioner continues to argue the merits of Ground Three, and in his ninth objection, he challenges the Magistrate Judge's finding that Ground Three is procedurally defaulted. *See* Pet.'s Objs. at 10-11. The Court agrees with the Magistrate Judge that Ground Three is procedurally defaulted. *See* R & R at 36-37. Although the PCR court denied relief on Petitioner's allegation that trial counsel was ineffective for not requesting a continuance, Petitioner did not raise this issue during the appeal before the South Carolina Supreme Court.[8] Consequently, the allegation is procedurally defaulted. *See Weeks v. Angelone*, 176 F.3d 249, 272 n.15 (4th Cir. 1999) ("To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court."), *aff'd*, 528 U.S. 225 (2000). Furthermore, Petitioner has not shown cause for the default and resulting prejudice, or that the failure to address the claim on the merits will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Consequently, Ground Three is barred from habeas review, and the Court overrules Petitioner's ninth objection.

---

[8] As the Magistrate Judge notes, Petitioner was not the appealing party in the PCR appeal, but he could have raised the continuance issue by filing a cross-petition or making an argument in his return to the State's petition. R & R at 36-37; *see* Rule 203(c), SCACR (stating "[a] respondent may institute a cross-appeal by serving a notice of appeal on all adverse parties").

Because Ground Three is procedurally defaulted, the Court need not address its merits. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998) (cautioning that, "absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default," a court should not address the merits of procedurally defaulted habeas claims). Accordingly, the Court overrules Petitioner's eighth objection in which he seeks a ruling on the merits of Ground Three.

## II.     Evidentiary Hearing

Petitioner asserts his petition warrants a "full-blown" evidentiary hearing on the issues raised in his petition. Pet.'s Objs. at 4-5. The decision to grant an evidentiary hearing is "generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."). The Court must consider whether an evidentiary hearing would afford Petitioner the opportunity "to prove the petition's factual allegations, which, if true, would entitle [him] to federal habeas relief." *Schriro*, 550 U.S. at 474. "[T]he deferential standards prescribed by § 2254 control whether to grant habeas relief, [and] a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.*; *see* 28 U.S.C. § 2254(e)(2) (stating a district court "shall not hold an evidentiary hearing" unless the habeas petitioner shows (1) his claim rests upon a new rule of constitutional law or on a factual basis that could not have been previously discovered through due diligence; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense"). Having thoroughly reviewed the petition and the state court record, the Court finds an evidentiary hearing is not warranted and denies Petitioner's request for

one.

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the portions of the R & R to which Petitioner specifically objects, and it finds no merit in his objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 28].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 15] is **GRANTED** and that Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                                    s/ R. Bryan Harwell
September 29, 2015                                                          R. Bryan Harwell
                                                                            United States District Judge

14